BARRY J. PORTMAN
Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant VARGAS DIAZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07 386 WHA |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| JUVENAL VARGAS DIAZ, | |
| Defendant. | |

OBJECTIONS TO MODIFIED PRESENTENCE REPORT

The defendant's sole objection is to the one point added to his criminal history, pursuant to USSG 4A1.1(e), because the Probation Officer believed the instant offense was committed less than two years after the defendant was released from custody on his Arizona federal conviction on February 5, 2004. See PSR, page 8, par. 12. In fact, the instant offense which occurred on April 24, 2006, was committed over 26 months after the defendant was released from custody on February 5, 2004, on the Arizona federal conviction. See PSR, page 7, par. 9. Therefore, paragraph 13 of the PSR should indicate that the defendant has 11 rather than 12 criminal history points. He remains in Criminal History Category V.

//

//

1

|   |   |
|---|---|
| 1 | STATEMENT OF FACTS |

2   The defendant was convicted of illegal re-entry in the District of Arizona and sentenced
3 to 37 months custody and 36 months of supervised release on August 1, 2002. He completed the
4 custodial part of that sentence and was deported on February 6, 2004. On April 21, 2006, he was
5 arrested by Fortuna police for attempted evasion of a police officer. On April 24, 2006, he was
6 interviewed by ICE agents about his illegal status. The agents placed an immigration detainer that
7 day at the Humboldt County Jail where he was detained.

8   On July 18, 2006, the defendant was sentenced to 16 months in state prison upon his plea
9 of guilty to CA VC 2800(2)(A) (evasion of a peace officer). When ICE agents are aware that an
10 illegal alien has been arrested within the Northern District, they usually notify the United States
11 Attorney who, once the state court proceedings have ended, brings the defendant to court in this
12 district to face an illegal re-entry charge by writ of habeas corpus ad prosequendum. For reasons
13 unknown, that practice was not followed in this case. The defendant, instead, was transported to
14 High Desert State Prison in Susanville, CA, to serve his state prison term.

15   On November 30, 2006, a bench warrant for a STR violation was issued by the District of
16 Arizona and lodged as a detainer at High Desert Prison. The defendant had a removal hearing in
17 Sacramento on January 11, 2007, before Magistrate Judge Gregory Hollows on the Arizona
18 warrant. When told that there was no illegal re-entry charge pending against him in the
19 California, the defendant mistakenly thought that his removal to Arizona barred any later
20 California federal prosecution for his April 2006 re-entry.

21   Once in Arizona, the defendant was charged with illegal re entry in that district as well as
22 the STR violation. However, because he had first been found in the Northern District of
23 California and was only in the District of Arizona because he was transported there in custody,
24 the Arizona indictment was dismissed on improper venue grounds. The court there sentenced
25 him to 22 months in custody on the revocation charge followed by 14 months STR. Judging from
26 the District of Arizona's Probation Office's sentencing recommendation, the court there may

have well thought that the defendant would face no illegal re-entry charge in California. ("Further, the defendant was fortunate that he was not charged with illegal re-entry in the Eastern (sic) District of California.") (Exhibit A)

## APPLICABLE LAW

Where a defendant is subject to an undischarged custodial sentence, the Court has the authority to impose a custody sentence on the instant offense to run concurrently or consecutively to the prior undischarged term. 18 U.S.C. 3584(a). In using that authority, the Court is to consider the factors listed in 18 U.S.C. 3553(a) as well as any pertinent guideline or policy statement issued by the Sentencing Commission.

The guideline applicable to the case before this Court is the policy statement found at USSG 5G1.3(c) which permits the Court to run its sentence concurrently, partially concurrently, or consecutively to the prior undischarged term. That policy statement seems, at first blush, to be limited by Application Note 3(C) to USSG 5G1.3(C) which recommends that the sentence for the instant offense be imposed consecutively if the undischarged sentence results from a sentence for revocation of a term of supervised release that the defendant was on when the new offense occurred. ( Note 3(C) is based on the policy set forth in Application Note 4 and subsection (f) of USSG 7B1.3 (Revocation of Probation or Supervised Release).) However, the facts of this case distinguish the defendant's situation from that envisioned by Note 3(C). The defendant has missed the opportunity to serve his illegal re-entry sentence concurrent with his 16 month state sentence because the Northern District waited until that sentence had expired before charging him. As a result, the only way he can serve the 9 months he could have served concurrently with this Court's sentence if the Northern District had filed timely is for this Court to impose its sentence concurrent with the remaining portion of the revocation sentence.

The defendant has been in custody since April 21, 2006. He served almost 9 months of his 16 month state sentence before coming into federal custody on the revocation warrant. He has served over 8 months on the STR revocation term. Assuming he receives all good time credits,

3

1  he has a little less than 11 months to serve on that sentence. If the Court accepts the 30 month
2  sentence recommended in the plea agreement in this case and imposes its sentence consecutively,
3  the defendant will serve 53 months (assuming all good time credits) since his arrest in April
4  2006. If the court imposes its sentence concurrently, he will serve 42 months.
5       Three and a half years custody is a reasonable and sufficient punishment for this re-entry
6  offense and a deterrence to this defendant to re-entering the United States without permission of
7  the government. The defendant requests the Court impose its sentence concurrent with the
8  undischarged portion of District of Arizona Case No. 01CR00875-001-TUC-DCB.

Dated: September 17, 2007

                    Respectfully submitted,

                    /s/

                    BARRY J. PORTMAN
                    Counsel for the Defendant